[Cite as *State v. Hawley*, 2020-Ohio-1270.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 108254 |
| v. | : | |
| DONALD HAWLEY, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED, MODIFIED, AND REMANDED
**RELEASED AND JOURNALIZED:** April 2, 2020

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-622290-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Carl Sullivan, Assistant Prosecuting Attorney, *for appellee.*

Mark A. Stanton, Cuyahoga County Public Defender, and Erika Cunliffe, Assistant Public Defender, *for appellant.*

MARY J. BOYLE, P.J.:

{¶ 1} Defendant-appellant, Donald Hawley, appeals his sentence. He raises one assignment of error for our review:

Mr. Hawley's sentence is excessive, contrary to law, and violates due process because the trial court imposed multiple maximum consecutive terms, which are not supported by this record, and did so * * * without making the requisite statutory findings.

{¶ 2} Finding merit to his assigned error, we vacate the consecutive portion of Hawley's sentence, invoke our power under the Ohio Constitution, Article IV, Section 3(B)(2) and R.C. 2953.08(G)(2), and modify his sentences to concurrent, leaving him with an aggregate eight-year prison sentence. We further remand this case for the trial court to issue a judgment entry reflecting this modification.

## I. Procedural History and Factual Background

{¶ 3} In October 2017, Hawley was charged with nine counts of illegal use of a minor in nudity-oriented material or performance in violation of R.C. 2907.323(A)(1), felonies of the second degree, and one count of possessing criminal tools in violation of R.C. 2923.24(A), a felony of the fifth degree.

{¶ 4} The charges arose after Hawley gave his cell phone to his wife when he was admitted to the psychiatric unit of a hospital. When his wife got home, she found a video on his phone that appeared to have been taken through the keyhole of their bathroom door. The video depicted her daughter (Hawley's stepdaughter) showering and getting out of the shower. Hawley admitted the acts to police and also told them that he took his stepdaughter's underwear and used them to masturbate. He also told police that "some of the underwear" may have been ripped because he would "stick his penis inside of the crotch panels." He would then hide

the underwear throughout the house. There were six videos of Hawley's stepdaughter on his cell phone as well as still shots from the videos.

{¶ 5} Hawley pleaded guilty in January 2018, to an amended indictment of seven counts of illegal use of a minor and one count of possessing criminal tools. The remaining counts were nulled. As part of his plea, Hawley agreed that the offenses were not allied and would not merge for purposes of sentencing. The trial court continued the sentencing so that a presentence investigation could be conducted.

{¶ 6} At the sentencing hearing, defense counsel explained to the trial court that Hawley immediately took responsibility for his actions. He said that Hawley never denied that he did it. Defense counsel further explained that Hawley has "had depression issues and [a] suicide attempt related to the shame that he suffers from this." Defense counsel stated that Hawley said that he did most of "these activities" while "he was using a heavy amount of cocaine that interfered with his judgment," which he knew was wrong as well. Defense counsel further stated that Hawley was truly remorseful for his actions and was "very sorry he put his family through this." Defense told the court that Hawley had a "fairly rough upbringing with physical abuse and no real good relationship with his own father." Defense counsel further stated that although Hawley produced the videos, he did not distribute them for commercial gain, which would have been the worst form of this offense and would have caused more harm to the victim.

{¶ 7} The 12-year old victim and her mother explained to the trial court how Hawley's actions have affected them. The victim stated that it took her a few weeks to stop crying and having panic attacks. She also stated that she has trouble sleeping and showering. The victim's mother, Hawley's wife, explained how she discovered the videos and the underwear that were hidden all through their home. The victim's mother explained that she was traumatized by what her husband did and that thoughts of it took up "every second of [her] time."

{¶ 8} The trial court imposed a sentence of eight years in prison on each count of illegal use of a minor and ordered that they be served consecutive to one another. It also imposed 12 months for possessing criminal tools and ordered that it be served concurrent to the other counts, for an aggregate sentence of 56 years in prison.

{¶ 9} The trial court further notified Hawley that he would be subject to a mandatory period of five years of postrelease-control upon his release from prison and be classified as a Tier II sex offender. The court also notified Hawley of the consequences he would face if he violated the conditions of his postrelease-control and notified him of the Tier II registration requirements as well as the consequences for violating them. It is from this judgment that Hawley now appeals.

## II. Consecutive Sentences

{¶ 10} There are two ways that a defendant can challenge consecutive sentences on appeal. First, the defendant can argue that consecutive sentences are contrary to law because the court failed to make the necessary findings required by

R.C. 2929.14(C)(4). *See* R.C. 2953.08(G)(2)(b); *State v. Nia*, 2014-Ohio-2527, 15 N.E.3d 892, ¶ 16 (8th Dist.). Second, the defendant can argue that the record does not support the findings made under R.C. 2929.14(C)(4). *See* R.C. 2953.08(G)(2)(a); *Nia* at ¶ 16. Hawley raises both arguments in this appeal. Hawley contends that the trial court failed to make the proper statutory findings before imposing his sentence. He further maintains that his "multiple maximum consecutive sentence" is excessive, contrary to law, and violates due process because it is not supported by the record.

{¶ 11} R.C. 2953.08(G)(2) states that when reviewing felony sentences, an "appellate court's standard for review is not whether the sentencing court abused its discretion." Rather, the statute states that if we "clearly and convincingly" find that (1) "the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)]," or that (2) "the sentence is otherwise contrary to law," then we "may increase, reduce, or otherwise modify a sentence * * * or [we] may vacate the sentence and remand the matter to the sentencing court for resentencing."

{¶ 12} The Ohio Supreme Court has explained that when reviewing the imposition of consecutive sentences, "R.C. 2953.08(G)(2)(a) directs the appellate court 'to review the record, including the findings underlying the sentence' and to modify or vacate the sentence 'if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under'" R.C. 2929.14(C)(4). *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 28, quoting R.C. 2953.08(G)(2)(a).

{¶ 13} R.C. 2929.14(C)(4) requires trial courts to engage in a three-tier analysis in order to impose consecutive sentences. First, the trial court must find that "consecutive service is necessary to protect the public from future crime or to punish the offender." *Id.* Next, the trial court must find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." *Id.* Finally, the trial court must find that at least one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 14} In each step of this analysis, the statutory language directs that the trial court must "find" the relevant sentencing factors before imposing consecutive sentences. R.C. 2929.14(C)(4). But "a word-for-word recitation of the language" of the statute is not required. *Bonnell* at ¶ 29. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.*

{¶ 15} In this case, the trial court stated the following at Hawley's sentencing hearing:

> This court does find that consecutive sentences are necessary to protect the public from future crime. The court further finds that consecutive sentences are necessary to punish the offender. The court finds that consecutive sentences are not disproportionate to the seriousness of the offender's conduct. And the court lastly finds that consecutive sentences are not disproportionate to the danger the offender poses to the public.
>
> The court notes in its sentencing the following factors as they apply to this case: The court finds that the defendant was in a position of trust to both the mother and the daughter and the son and the two young kids that were in his house; that the mother was the person that was providing for the family; that the mother left these children in the trust of the defendant, and the defendant violated the trust that was placed on him.
>
> The court further finds that this young lady who was the victim in this case has been traumatized with reference to showering and sleeping at night; that the mom has been shattered, because she was in love with the defendant, trusted him, believed in him, tried to make a home and provide for her family, and that he violated all of those areas of trust; and that he shows no remorse.

{¶ 16} The trial court made the first two consecutive-sentences findings but we agree with Hawley that it failed to make the third finding, i.e., one of the three findings under R.C. 2929.14(C)(4)(a) through (c). We acknowledge that a finding under R.C. 2929.14(C)(4)(b) could arguably be made — that two or more of the offenses were committed as part of a course of conduct and the harm was so great or unusual that no single prison term would adequately reflect the seriousness of Hawley's conduct. After reviewing the record in this case, however, we find that the record does not clearly and convincingly support a finding under R.C. 2929.14(C)(4)(b) because the harm caused was not so great or unusual that a

single prison term would not adequately reflect the seriousness of the offender's conduct.

{¶ 17} We further find that the trial court's finding under R.C. 2929.14(C)(4) — that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public" — is not clearly and convincingly supported by the record. Hawley's conduct does not reflect such a seriousness or danger to the public that 56 years in prison is necessary to protect the public from him.

{¶ 18} While Hawley's actions were reprehensible, there was no evidence that he shared any of the videos or photos of his stepdaughter with anyone. Moreover, and most significantly, based upon the record before us, Hawley masturbated to the videos and photos of his stepdaughter but he never forced her to have sex with him or touch him in a sexual manner, and he never touched her in an inappropriate way. Further, although Hawley does have a criminal history, all of his prior convictions were misdemeanors, he has never been incarcerated, and he does not have any prior sex-offense convictions.

{¶ 19} We further find that Hawley's 56-year prison sentence is not "reasonably calculated to achieve" the overriding purposes of felony sentencing set forth in R.C. 2929.11. R.C. 2929.12(B). Nor is it "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." *Id.* Although the state cites to eight cases where it claims this

court upheld consecutive sentences in child pornography cases, none of the cases supports the state's assertion that a 56-year prison sentence was warranted in this case.

{¶ 20} First, five of the cases cited by the state are not applicable because the defendants were sentenced before H.B. 86 went into effect.[1] Thus, the trial courts in these cases were not required to make any findings before imposing consecutive sentences under R.C. 2929.14(C)(4), and appellate courts reviewed sentences only for abuse of discretion. *See State v. Stein*, 8th Dist. Cuyahoga No. 97396, 2012-Ohio-2502 (sentenced nine days before H.B. 86 went into effect; defendant received a 10-year sentence for 80 counts relating to child pornography); *State v. Mahan*, 8th Dist. Cuyahoga No. 95696, 2011-Ohio-5154 (defendant received a 16-year sentence for 95 counts relating to child pornography); *State v. Carney*, 8th Dist. Cuyahoga No. 95343, 2011-Ohio-2280 (defendant received a 24-year sentence for 21 counts relating to child pornography); *State v. Phillips*, 8th Dist. Cuyahoga No. 92560, 2009-Ohio-5564 (defendant received a 24-year sentence for 41 counts relating to child pornography); and *State v. Geddes*, 8th Dist. Cuyahoga No. 91042, 2008-Ohio-6489 (defendant, who had been found to be a sexual predator 7 years earlier, received a 24-year sentence for 10 counts relating to child pornography).

---

[1] H.B. 86 went into effect on September 30, 2011. The General Assembly expressly provided in Section 4 of H.B. 86 that "[t]he amendments * * * apply to a person who commits an offense specified or penalized under those sections on or after the effective date of this section[.]"

{¶ 21} Three of the cases cited by the state, however, are applicable to the analysis in the present case because the defendants were sentenced after H.B. 86 went into effect. Therefore, trial courts were required to make findings before imposing consecutive sentences under R.C. 2929.14(C)(4), and appellate courts review felony sentences under R.C. 2953.08 rather than for abuse of discretion. Notably, however, the defendants in the three applicable cases cited by the state received a prison sentence far less than the one that Hawley did here. *See State v. Mannarino*, 8th Dist. Cuyahoga No. 98727, 2013-Ohio-1795 (defendant received a 15-year sentence for 117 counts relating to child pornography); *State v. Duhamel*, 8th Dist. Cuyahoga No. 102346, 2015-Ohio-3145 (defendant received a 15-year sentence for 29 counts relating to child pornography); and *State v. Balbi*, 8th Dist. Cuyahoga No. 102321, 2015-Ohio-4075 (defendant received a 10-year sentence for 40 counts relating to child pornography). Not one of the defendants in these three cases, however, received what is essentially a life sentence of 56 years.

{¶ 22} The state cited to one other case, *State v. Taylor*, 8th Dist. Cuyahoga No. 100315, 2014-Ohio-3134, for the proposition that "[t]he Eighth District has upheld another *similar* case by this honorable trial court that was within the statutory range of sentence not too long ago." (Emphasis added.) *Taylor*, however, is anything but similar to the present case. In *Taylor*, the defendant, who was the victim's first cousin, digitally and vaginally raped the victim. Despite far more violent crimes, the defendant in *Taylor* only received a sentence of 24 years in prison.

{¶ 23} The imposition of consecutive sentences may be inappropriate where it "demean[s] the seriousness of other more violent crimes and the harms to other victims[.]" *State v. Overholser*, 2d Dist. Clark No. 2014-CA-42, 2015-Ohio-1980, ¶ 32. That is exactly what occurred here.

{¶ 24} Indeed, a cursory review of a few cases that have been before this court show just how the 56-year sentence in this case demeans the seriousness of other more violent offenses. A man who repeatedly raped his stepdaughter over an eight-year period beginning in 1999 when she was eight years old only received an aggregate sentence of 16 years in prison. *See State v. Schwarzman*, 8th Dist. Cuyahoga No. 100337, 2014-Ohio-2393. A man who lured a 12-year old victim into his house by deception, violently dragged her from the first floor to his bedroom on the second floor, choked her, pulled her pants down, raped her vaginally and anally, and threatened to kill her if she told anyone received an aggregate sentence of 16 years in prison. *See State v. Banks*, 8th Dist. Cuyahoga No. 82942, 2003-Ohio-6646 (this review was before *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, so we had the same review under R.C. 2953.08 as we do now). Even a man who raped seven women got less time (5 years consecutive for each rape, for a total of 35 years). *See State v. Green*, 8th Dist. Cuyahoga No. 101990, 2015-Ohio-2700 (defendant offered "unassuming victims" help by offering them a ride, and then when they got into the car, he violently raped them; when he was done, he threw them out of the car, sometimes without clothing, and left them in an isolated place).

{¶ 25} For the foregoing reasons, we find that the record does not clearly and convincingly support the findings that are required to impose consecutive sentences under R.C. 2929.14(C)(4). We further find that the record does not demonstrate that a 56-year prison sentence is the minimum sanction to accomplish the purposes and principles of sentencing without imposing an unnecessary burden on the state. And finally, we find that the imposition of consecutive sentences in this case demeans the seriousness of other more violent crimes and the harms to other victims.

{¶ 26} We therefore vacate the consecutive portion of Hawley's sentence, invoke our power under the Ohio Constitution, Article IV, Section 3(B)(2) and R.C. 2953.08(G)(2), and modify Hawley's sentences to concurrent, leaving him with an aggregate eight-year prison sentence.

{¶ 27} Hawley's remaining argument that the trial court was biased against him is moot in light of our disposition of his assigned error.

{¶ 28} Hawley's sole assignment of error is sustained.

{¶ 29} We do note, however, that although the trial court properly advised Hawley of postrelease-control at his sentencing hearing, it failed to place anything in the sentencing entry about postrelease-control. Therefore, upon remand, the trial court should issue a nunc pro tunc sentencing entry to include the required postrelease-control notifications. *State v. Grimes*, 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, ¶ 14, citing *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718.

**{¶ 30}** Judgment reversed. The consecutive portion of Hawley's sentence is vacated. We modify his sentence to concurrent, leaving him with sentence of eight years in prison. The remaining aspects of Hawley's sentence remain intact, including a $2,000 fine, court costs, a mandatory term of five years of postrelease-control, and the fact that Hawley is a Tier II sex offender. This case is remanded for the trial court to issue a judgment entry reflecting this modification as well as the remaining aspects of Hawley's sentence and all of the required postrelease-control notifications.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of the modified sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY J. BOYLE, PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., CONCURS;
MICHELLE J. SHEEHAN, J., CONCURS IN PART AND DISSENTS IN PART
WITH SEPARATE OPINION

MICHELLE J. SHEEHAN, J., CONCURRING IN PART AND DISSENTING IN PART:

{¶ 31} I concur with the majority opinion that the trial court failed to make all of the required consecutive-sentence findings under R.C. 2929.14(C)(4). And for this reason, I would vacate Hawley's sentence and remand to the trial court to consider whether consecutive sentences are appropriate under R.C. 292914(C)(4) and, if so, to make the required findings on the record.

{¶ 32} Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or otherwise modify a sentence, or vacate a sentence and remand for resentencing if it "clearly and convincingly finds" that the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. The failure to make all of the findings required under R.C. 2929.14(C)((4) before imposing consecutive sentences renders the imposition of consecutive sentences contrary to law. *See Bonnell*, 14 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, at ¶ 37. As the Ohio Supreme Court explained in *Bonnell*, judicial fact-finding is necessary "to overcome" the "presumption in favor of concurrent sentences." *Id.* at ¶ 23. And where the trial court fails to make such findings, the sentence is contrary to law and the appellate court must remand the case for resentencing. *Bonnell* at ¶ 37 (finding that where the trial court failed to make the consecutive-sentence findings, the imposition of consecutive sentences is contrary to law and "we are constrained to reverse the judgment * * * and remand the matter to the trial court for resentencing").

{¶ 33} It goes without saying that the record cannot support a finding that has not yet been made by the trial court. Therefore, in light of the trial court's failure to make the necessary findings under R.C. 2929.14(C)(4), and in adhering to the remand instructions in *Bonnell*, I would find any discussion of whether the record clearly and convincingly supports the findings to be premature. *See State v. Vinson*, 2016-Ohio-7604, 73 N.E.3d 1025, ¶ 74 (8th Dist.) (S. Gallagher, J., concurring in judgment only) (agreeing with the majority's reversing the imposition of consecutive service where the trial court failed to make the statutorily mandated findings but stating that such reversal renders "any discussion of whether the record supports the finding premature").

{¶ 34} I therefore concur with the majority's conclusion that the trial court failed to make the requisite consecutive-sentence findings but respectfully dissent from the majority's modification of Hawley's sentence based upon whether the record "clearly and convincingly" supports the findings that have not been completed by the trial court.