[Cite as *State v. Tipton*, 2021-Ohio-1186.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                                   :

    Plaintiff-Appellee,                    :

                                     No. 109327

    v.                                            :

GARY TIPTON,                                   :

    Defendant-Appellant.               :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 8, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-637553-A

---

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Frank Romeo Zeleznikar, Assistant
Prosecuting Attorney, *for appellee*.

Brian R. McGraw, *for appellant*.

FRANK D. CELEBREZZE, JR., J.:

{¶ 1} Defendant-appellant Gary Tipton brings this appeal challenging his six-year prison sentence for breaking and entering, drug possession, vandalism, harassment by inmate, and assault. Appellant argues that the trial court's

consecutive-sentence findings were not supported by the record. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶ 2} On February 21, 2019, appellant broke into a residence on Bauerdale Avenue in Parma, Ohio. Appellant was arrested and transported to Parma jail. On February 23, 2019, while he was in jail, appellant stabbed himself in the stomach with a plastic utensil, reinjuring an old wound. Appellant was transported from Parma jail to MetroHealth Medical Center and underwent surgery for his injuries.

{¶ 3} On February 24, 2019, appellant became verbally abusive with two Parma Police Officers, Officer Michael Samiljenko and Officer Michael Strange, that were detailed to accompany appellant at the hospital. After spitting on the floor of the hospital room, appellant, who had been diagnosed with hepatitis C in 2018, spit on the two police officers. Officer Samiljenko was struck in the face and thigh by appellant's spit. Appellant continued spitting on the officers when they initially attempted to place a spit mask on appellant, and when the officers attempted to reapply the spit mask. Appellant also attempted to bite Officer Samiljenko approximately ten times. Appellant's spit struck Officers Samiljenko and Strange in the face, eyes, and mouth area. Appellant also assaulted the officers at the hospital. He struck Officer Samiljenko with his knee and struck Officer Strange with his right hand.

{¶ 4} Following this encounter with appellant, and based on appellant's diagnosis, both Officers were examined and treated in the emergency room for spit exposure.

{¶ 5} On March 12, 2019, appellant was charged in a ten-count indictment with (1) assault, a first-degree misdemeanor, (2) burglary, a fourth-degree felony, (3) drug possession (methamphetamine), a fifth-degree felony, (4) drug possession (cocaine), a fifth-degree felony, (5) vandalism, a fifth-degree felony, (6) harassment by inmate, a third-degree felony, (7) assault, a fourth-degree felony, (8) harassment by inmate, a third-degree felony, (9) assault, a fourth-degree felony, and (10) harassment by inmate, a third-degree felony. Counts 6 and 7 pertained to Officer Samiljenko; Counts 8 and 9 pertained to Officer Strange; and Count 10 pertained to another incident that occurred on February 25, 2019, during which appellant spit on Parma Police Officer Michael Frinzl. Appellant pled not guilty to the indictment during his March 15, 2019 arraignment.

{¶ 6} The parties reached a plea agreement. The state amended Count 2 from fourth-degree felony burglary to breaking and entering, a fifth-degree felony. On June 14, 2019, appellant pled guilty to Count 2, as amended, and Counts 3, 5, 6, 7, 8, 9, and 10 as charged in the indictment. Counts 1 and 4 were nolled.

{¶ 7} The trial court held a sentencing hearing on July 9, 2019. The trial court sentenced appellant to five years of community control sanctions, and placed appellant in the community-based correctional facility ("CBCF") program. The trial

court explained, however, that appellant would be sentenced to nine years in prison in the event that he violated the terms of his community control sanctions.

{¶ 8} Appellant was found to be ineligible for CBCF on July 29, 2019. Appellant completed a substance abuse assessment that recommended appellant complete an inpatient treatment program. (Tr. 66.) Appellant was discharged from his community assessment and treatment services ("CATS") program in September 2019 for breaking the program's rules.

{¶ 9} On September 18, 2019, the trial court held a hearing on an alleged violation of appellant's community control. Appellant admitted to violating the terms of his community control sanctions during the hearing. The trial court found appellant to be in violation of community control sanctions and terminated community control.

{¶ 10} The trial court sentenced appellant to a prison term of six years: six months on Count 2; six months on Count 3; six months on Count 5; two years on Count 6; one year on Count 7; two years on Count 8; one year on Count 9; and two years on Count 10. The trial court ordered Counts 2, 3, 5, 6, and 7 to run concurrently with one another, but consecutively to a concurrent two-year sentence on Counts 8 and 9, and consecutively to Count 10. Appellant's aggregate prison term was six years.

{¶ 11} On December 26, 2019, appellant filed the instant appeal challenging the trial court's sentence. Appellant assigns one error for review:

I. The record does not support consecutive sentence findings.

## II. Law and Analysis

### A. Consecutive Sentences

{¶ 12} In his sole assignment of error, appellant argues that the record does not support the trial court's consecutive-sentence findings.

{¶ 13} R.C. 2953.08(G)(2) provides that when reviewing felony sentences, a reviewing court may overturn the imposition of consecutive sentences where the court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)," or (2) "the sentence is otherwise contrary to law."

{¶ 14} R.C. 2929.14(C)(4) provides that in order to impose consecutive sentences, the trial court must find that consecutive sentences are (1) necessary to protect the public from future crime or to punish the offender, (2) that such sentences would not be disproportionate to the seriousness of the conduct and to the danger the offender poses to the public, and (3) that one of the following applies:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶ 15}** Conformity with R.C. 2929.14(C)(4) requires the trial court to make the statutory findings at the sentencing hearing, which means that "'the [trial] court must note that it engaged in the analysis' and that it 'has considered the statutory criteria and specifie[d] which of the given bases warrants its decision.'" *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 26, quoting *State v. Edmonson*, 86 Ohio St.3d 324, 326, 715 N.E.2d 131 (1999). To this end, a reviewing court must be able to ascertain from the record evidence to support the trial court's findings. *Bonnell* at ¶ 29. "A trial court is not, however, required to state its reasons to support its findings, nor is it required to [recite verbatim] the statutory language, 'provided that the necessary findings can be found in the record and are incorporated in the sentencing entry.'" *State v. Sheline*, 8th Dist. Cuyahoga No. 106649, 2019-Ohio-528, ¶ 176, quoting *Bonnell* at ¶ 37.

**{¶ 16}** In the instant matter, appellant concedes that the trial court made the requisite findings in imposing consecutive sentences and that the trial court did not merely "walk through" the findings set forth in R.C. 2929.14(C)(4).

**{¶ 17}** The record from the September 18, 2019 sentencing hearing reflects that the trial court made the requisite findings pursuant to R.C. 2929.14(C)(4) in imposing consecutive sentences.[1] In making the first finding, the trial court stated, "[t]he court finds that consecutive sentences are necessary to protect the public or to punish the offender[.]" (Tr. 73.) In making the second finding, the trial court

---

[1] The trial court also made the requisite findings during the original sentencing hearing on July 9, 2019.

stated that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public." (Tr. 73.)

**{¶ 18}** Regarding the third required finding, the trial court determined that R.C. 2929.14(C)(4)(b) and (c) applied:

> The court also finds that at least two of the multiple offenses that were committed as part of one or more courses of conduct and that the harm caused by the two or more multiple offenses means spitting on officers and having them thinking that they are going to get hepatitis c and having to be treated in the emergency room, that no single prison term for any of the offenses committed as part of the courses of conduct adequately reflects the seriousness of the offender's conduct. The court also finds the offender's history of criminal conduct which is extensive in Kentucky demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

(Tr. 73-74.)

**{¶ 19}** Accordingly, the record reflects that the trial court made the requisite findings during the sentencing hearing under R.C. 2929.14(C)(4) in imposing consecutive sentences. The trial court incorporated the consecutive-sentence findings into its sentencing journal entry, as required by *Bonnell*. The trial court's September 18, 2019 sentencing journal entry provides, in relevant part,

> The court imposes prison terms consecutively finding that consecutive service is necessary to protect the public from future crime or to punish defendant; that the consecutive sentences are not disproportionate to the seriousness of defendant's conduct and to the danger defendant poses to the public; and that, at least two of the multiple offenses were committed in this case as part of one or more courses of conduct, and the harm caused by said multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of defendant's conduct, or defendant's history of criminal conduct demonstrates that consecutive sentences

{¶ 20} For all of the foregoing reasons, we find that the trial court made the requisite findings during the sentencing hearing under R.C. 2929.14(C)(4) in imposing consecutive sentences and incorporated the findings into its sentencing journal entry.

{¶ 21} In challenging the trial court's imposition of consecutive sentences, appellant argues that the trial court's findings were not supported by the record. Appellant does not specify which finding or findings were not supported by the record. However, appellant appears to challenge the trial court's findings under R.C. 2929.14(C)(4)(b) and (c).

{¶ 22} Regarding the trial court's R.C. 2929.14(C)(4)(b) finding, appellant acknowledges that he "spit on three different officers in two separate incidents." Appellant's brief at 7. Nevertheless, appellant argues that the officers were not injured or infected when appellant spit on them, and that "relatively quick testing established that no condition was passed to [the officers] by [appellant's] conduct." Appellant's brief at 7.

{¶ 23} Regarding the trial court's R.C. 2929.14(C)(4)(c) finding, appellant argues that his history of criminal conduct does not demonstrate that consecutive sentences are necessary to protect the public from future crime. Appellant does not, however, further develop this argument with citations to the record. *See* App.R. 16(A)(7).

{¶ 24} In support of his argument that the trial court's findings were not supported by the record, appellant directs this court to *State v. Hawley*, 2020-Ohio-

1270, 153 N.E.3d 714 (8th Dist.). In *Hawley*, this court concluded that the record did not clearly and convincingly support the trial court's consecutive-sentence findings under R.C. 2929.14(C)(4). As a result, this court modified the defendant's prison sentences from consecutive to concurrent.

{¶ 25} In reversing the consecutive nature of the defendant's sentence, this court determined that the trial court failed to make the third required finding under R.C. 2929.14(C)(4). Although this court explained that R.C. 2929.14(C)(4)(b) arguably applied, this court determined that the record did not clearly and convincingly support a finding under R.C. 2929.14(C)(4)(b) because "the harm caused was not so great or unusual that a single prison term would not adequately reflect the seriousness of the offender's conduct." *Id.* at ¶ 16. Furthermore, this court held that the trial court's proportionality finding was not clearly and convincingly supported by the record, and that the defendant's conduct "does not reflect such a seriousness or danger to the public that 56 years in prison is necessary to protect the public from him." *Id.* at ¶ 17. Finally, although the defendant had a criminal history, this court explained that the defendant's prior convictions were misdemeanors, he had never been incarcerated, and the defendant did not have any prior convictions for sex offenses. *Id.* at ¶ 18.

{¶ 26} In the instant matter, appellant argues that based on the *Hawley* rationale, the record clearly and convincingly does not support the trial court's findings under R.C. 2929.14(C)(4)(b) and (c). We disagree.

{¶ 27} As an initial matter, we find *Hawley*, 2020-Ohio-1270, 153 N.E.3d 714, to be distinguishable from the present case. Here, unlike *Hawley*, and as appellant concedes in his brief, the trial court made the required findings under R.C. 2929.14(C)(4). Here, the trial court specifically determined that R.C. 2929.14(C)(4)(b) and (c) applied. Here, unlike *Hawley*, appellant had been incarcerated multiple times before the incident giving rise to this appeal, and his criminal history was not limited to misdemeanor offenses. Here, unlike *Hawley*, where the defendant was sentenced to 56 years in prison, appellant was sentenced to six years in prison *after* he was granted an opportunity to complete the CBCF program and receive treatment and he failed to take advantage of that opportunity. For all of these reasons, we find appellant's reliance on *Hawley* to be misplaced.

{¶ 28} Furthermore, after reviewing the record, we cannot say that the record clearly and convincingly does not support the trial court's findings under R.C. 2929.14(C)(4).

{¶ 29} The trial court emphasized at sentencing that appellant, who had been diagnosed with hepatitis C, was spitting on three separate officers, and that the three officers all had to be treated in the emergency room to make sure they did not contract hepatitis C as a result of appellant's conduct. Appellant could easily have transmitted hepatitis C to the police officers by spitting on them and attempting to bite Officer Samiljenko several times. The fact that appellant did not transmit the virus to the officers does not minimize the severity of appellant's conduct. Furthermore, assuming, arguendo, that the trial court's finding under R.C.

2929.14(C)(4)(b) is not clearly and convincingly supported by the record because the officers did not ultimately contract the virus, the trial court also determined that R.C. 2929.14(C)(4)(c) applied based on appellant's history of criminal conduct. After review, we find that the record clearly and convincingly supports the trial court's finding under R.C. 2929.14(C)(4)(c).

{¶ 30} The state emphasized that appellant has an "extensive criminal record" during the original sentencing hearing. (Tr. 50.) The trial court reviewed appellant's presentence investigation report prior to the original sentencing hearing in July 2019, and the subsequent sentencing hearing in September 2019.

{¶ 31} The record reflects that appellant committed offenses of violence in 2000 as a juvenile. After turning 18 in 2001, appellant continuously engaged in criminal conduct. Appellant even acknowledged during the original sentencing hearing that over the course of approximately two decades, he has "committed crime after crime," "walked in and out of courtrooms," and "been sent to prison multiple times." (Tr. 52-53.)

{¶ 32} Appellant has prior convictions in the state of Kentucky for criminal mischief, criminal trespass, theft, making terroristic threats, receiving stolen property, theft of a motor vehicle, possessing deadly weapons as a felon, and domestic violence. Appellant has been to prison three times in Kentucky.

{¶ 33} After moving to Ohio, appellant was convicted of fifth-degree felony aggravated theft in November 2014, and sentenced to a prison term of six months in Cuyahoga C.P. No. CR-13-579958-A. Appellant also has several convictions in

Summit County. In Summit C.P. No. CR-2017-04-1478, appellant was convicted of third-degree felony having weapons while under disability and second-degree misdemeanor possessing drug abuse instruments. In Summit C.P. No. CR-2017-04-1286, appellant was convicted of fifth-degree felony aggravated possession of drugs. In Summit C.P. No. CR-2017-03-1145, appellant was convicted of fifth-degree felony aggravated possession of drugs and fourth-degree misdemeanor illegal use or possession of drug paraphernalia.

{¶ 34} Appellant has been to prison twice in Ohio. (Tr. 11.) Appellant was released from prison in December 2018, after serving an 18-month sentence for his having weapons while under disability and possession of drug abuse instruments convictions in Summit County.

{¶ 35} Appellant committed the offenses at issue in this appeal in February 2019. Following his arrest, appellant was purportedly contacting victims from jail, either on the telephone or in writing, and threatening to kill them when he was released. (Tr. 9.)

{¶ 36} During the September 18, 2019 sentencing hearing, the trial court reconsidered its original determination that community control was an appropriate sentence based upon (1) another review of appellant's presentence investigation report and his criminal history set forth therein, and (2) the new information that became available after the original sentencing hearing — appellant's failure to abide by the terms of his community control sanctions, and his termination from his

treatment program due to "consistently breaking the rules, smoking in the building and having a cell phone on his person." (Tr. 66-67.) The trial court explained,

> I was going through your [presentence investigation report] again today and really you are just probably not amenable to community control. I mean, you have been in trouble just basically all your life, in and out of jail, in and out of prisons. You've been — I mean, you haven't been in Ohio that long. But you've already been to prison in Ohio. So I was, you know, kind of trying to listen to you during your sentencing and I figured, okay, I'll give you an opportunity for treatment. It just didn't work. It just didn't work.

(Tr. 71.)

{¶ 37} Finally, the trial court emphasized the severity of appellant's conduct with respect to the police officers. Despite having been diagnosed with hepatitis C, appellant spit on three separate officers. As a result of appellant's conduct, the officers had to be tested or treated in the emergency room to ensure that they did not contract the virus from appellant.

{¶ 38} For all of the foregoing reasons, we find that the record before this court clearly and convincingly supports the trial court's R.C. 2929.14(C)(4) findings. Because the trial court made the requisite findings during the sentencing hearing under R.C. 2929.14(C)(4), incorporated the findings into its sentencing journal entry, and the findings are clearly and convincingly supported by the record, the trial court did not err in imposing consecutive sentences.

{¶ 39} Appellant's sole assignment of error is overruled.

{¶ 40} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK D. CELEBREZZE, JR., JUDGE

SEAN C. GALLAGHER, P.J., and
MARY EILEEN KILBANE, J., CONCUR