[Cite as *State v. Williams*, 2021-Ohio-1254.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2020-G-0258** |
| SHELDON H. WILLIAMS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Geauga County Court of Common Pleas, Case No. 2018 C 000189.

Judgment: Affirmed.

*James R. Flaiz*, Geauga County Prosecutor, and *Nicholas A. Burling*, Assistant Prosecutor, Courthouse Annex, 231 Main Street, Suite 3A, Chardon, Ohio 44024 (For Plaintiff-Appellee).

*Gregory T. Stralka*, 6509 Brecksville Road, P.O. Box 31776, Independence, Ohio 44131 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Sheldon H. Williams, appeals the judgment of conviction issued on June 8, 2020, following his guilty pleas to two third-degree felonies: abduction, in violation of R.C. 2905.02(A), and attempted felonious assault, in violation of R.C. 2923.02(A) and 2903.11(A)(1). At issue is the imposition of consecutive sentences. The judgment is affirmed.

{¶2}   This case stems from a physical altercation at Williams' camper between Williams and his girlfriend on December 5, 2018.  The altercation lasted several hours, during which time Williams prevented the victim from leaving.  The victim ultimately was able to obtain her phone and call 911.  As a result, Williams was indicted on the following four counts: (1) kidnapping, in violation of R.C. 2905.01(A)(3), (2) felonious assault, in violation of R.C. 2903.11(A)(1), (3) felonious assault, in violation of R.C. 2903.11(A)(2), and (4) domestic violence, in violation of R.C. 2919.25(A).

{¶3}   Pursuant to a plea agreement, Williams entered guilty pleas to abduction and attempted felonious assault, as lesser included offenses of the first two counts, and the state moved to dismiss the remaining counts.  The trial court ordered a presentence investigation and set the matter for a sentencing hearing.

{¶4}   At the sentencing hearing, the trial court dismissed the third and fourth counts and considered the statements of counsel, Williams and his parents, and the victim, along with the presentence investigation report and letters submitted by the defense.  The court then sentenced Williams to 24 months in prison on each of the first two counts, to run consecutively.

{¶5}   Williams assigns one error:

{¶6}   "The trial court erred in sentencing the Appellant to consecutive sentences because the record does not support the findings made by the trial court and because the imposition of consecutive sentence is contrary to law."

{¶7}   We review consecutive sentences under R.C. 2953.08(G) and R.C. 2929.14(C)(4).  R.C. 2953.08(G)(2) provides:

The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶8} There is a statutory presumption that multiple prison terms are to be served concurrently. R.C. 2929.41(A). However, R.C. 2929.14(C)(4) provides:

If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶9} Here, the trial court found:

[C]onsecutive sentences are necessary to protect the public from future crime and to punish the offender, and that consecutive sentences are not disproportionate to the seriousness of [Williams'] conduct and the danger [he] pose[s] to the public.

{¶10} The court further found:

[A]t least two of these offenses were committed as part of one or more courses of conduct, and that the harm caused by two or more of these offenses was so great that no single prison term for any of the offenses as part of the course of conduct adequately reflects the seriousness of [Williams'] conduct.

{¶11} Williams argues that the record does not support that he poses a danger to the public. In support, Williams cites the trial court's findings that his relationship with the victim facilitated the offense, that he did not have a juvenile record, and that he had no history of felony convictions. Based upon this, Williams argues that his conduct posed a threat only to this particular victim during a singular event and not to the public at large.

{¶12} Williams maintains that the Eighth District case of *Hawley* supports his position that consecutive sentences are not warranted. *State v. Hawley*, 8th Dist. Cuyahoga No. 108254, 2020-Ohio-1270, 153 N.E.3d 714 (reversing the defendant's consecutive sentencing on seven counts of illegal use of a minor that resulted from keyhole recordings of step-daughter showering). However, the factual dissimilarities between *Hawley* and the present case make it of little assistance, particularly in that the defendant in *Hawley* was sentenced to an aggregate of 56 years in prison, whereas Williams' aggregate sentence is 48 months. *See id.* at ¶ 21 (noting that cases presented

4

by the state in support of consecutive sentences received a "far less" aggregate sentence than the defendant).

{¶13} Here, the record establishes the following: Williams has a criminal history that includes drug possession, OVIs, obstructing official business, and disorderly conduct; Williams has a history of drug and alcohol abuse; the incident at issue began when Williams, while intoxicated, accused the victim of infidelity; Williams struck the victim several times and prevented her from leaving the camper for several hours; Williams threatened the victim with a gun to her head; when the victim grabbed a knife to defend herself, Williams grabbed her arm causing her to drop the knife, which sliced her arm; Williams forced the victim to undress and clean up her blood with her clothing; while the victim was on the floor hiding her face, Williams discharged the gun in the camper; Williams caused the victim multiple injuries, including four broken ribs, a displaced rib, a cut to her wrist that required sutures, and a black eye; and, although Williams has training as a medic from prior service with the National Guard, he did nothing to assist the victim with the cut to her arm. We cannot clearly and convincingly find that the record fails to support the trial court's findings.

{¶14} Accordingly, Williams' sole assignment of error lacks merit, and the judgment is affirmed.

MARY JANE TRAPP, P.J.,

MATT LYNCH, J.,

concur.

5