[Cite as *State v. McDaniel*, 2021-Ohio-1519.]

## IN THE COURT OF APPEALS OF OHIO
## SECOND APPELLATE DISTRICT
## DARKE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2020-CA-3 |
| | : | |
| v. | : | Trial Court Case No. 2020-CR-49 |
| | : | |
| SHANNON L. MCDANIEL | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of April, 2021.

. . . . . . . . . . .

MATTHEW K. FOX, Atty. Reg. No. 0056112 and ERIN M. MINOR, Atty. Reg. No. 0090274, Mercer County's Prosecutor's Office, Appellate Division, 119 North Walnut Street, Celina, Ohio 45822
    Attorneys for Plaintiff-Appellee

JOSE M. LOPEZ, Atty. Reg. No. 0019580 and KEVIN M. DARNELL, Atty. Reg. No. 0095952, 18 East Water Street, Troy, Ohio 45373
    Attorneys for Defendant-Appellant

. . . . . . . . . . . .

DONOVAN, J.

{¶ 1} Defendant-appellant Shannon L. McDaniel appeals from his conviction for 14 counts of sexual battery, in violation of R.C. 2907.03(A)(5) and 2907.03(B), all felonies of the third degree. McDaniel filed a timely notice of appeal on September 4, 2020.

{¶ 2} On June 16, 2020, McDaniel, a former police officer in Greenville, Ohio, pled guilty to 14 counts of sexual battery involving his adopted daughter. The bill of information stated that nine of the offenses were committed in Darke County, Ohio, between November 2017 and August 2018; one of the offenses was committed in Franklin County in April 2018; two of the offenses were committed in Greene County between May and July 2018; and the last offense was committed in late July 2018 in Montgomery County. The plea agreement stated as follows:

* * * [T]he parties agree that because Counts 11 through 14 were committed in Franklin County, Ohio, Greene County, Ohio and Montgomery County, Ohio, the State of Ohio has been given authority by the Prosecutor's [sic] in those jurisdiction[s] to include these offenses in this Bill of Information as they occurred as a course of criminal conduct and those jurisdictions will forgo prosecution of the same. Moreover, the State of Ohio represents and the parties agree that the investigation also included allegations of offenses occurring in Hamilton County, Indiana and the State of Ohio has been given authority by the Prosecutor's Office in Hamilton County, Indiana that, in exchange for this plea of guilty herein, Hamilton County, Indiana will also forgo prosecution of [the] same.

Negotiated Plea Agreement.

{¶ 3} At sentencing on August 26, 2020, the trial court initially ordered McDaniel to

complete his sex offender registration form and classified him as a Tier III offender. Thereafter, the trial court heard statements from McDaniel, McDaniel's wife, and defense counsel. The victim also made a statement regarding the abuse and the extreme emotional trauma she had suffered as a result of McDaniel's conduct. The State requested that the trial court impose consecutive prison terms.

{¶ 4} After hearing the statements of the parties, the trial court stated:

* * * Mr. McDaniel, the Court has reviewed the case file and the pre-sentence investigation in this case, takes into consideration your comments today as well as your counsel and also that of your wife.

The Court has considered the purposes and the principals of sentencing under [R.C.] 2929.11 and the seriousness and recidivism factors in [R.C.] 2929.12.

The Court has also taken into consideration numerous, numerous letters that the Court received from your family, friends and members of the community. The Court has also taken into consideration the letter the Court received from the victim as well as her statement today.

The letter – and also your letter. The letter from you has an explanation of events in your words. In your letter, you characterize the victim as somewhat being the aggressor at times during this. On the other hand, the victim, in her letter, categorizes your conduct as rape. The Court suspects that the truth probably lies somewhere in between those two characterizations.

What is not in dispute, *that you are the adopted father of this child*

*and should have been a protector and a supporter but you were not.*

What is also not in dispute, *that you engaged in sexual conduct with the victim numerous times in various locations.   You have admitted by your guilty plea to at least 14 times and the evidence suggests that there were many, many times more than the 14 times.*

*The Court finds most aggravating that this happened again and again and again.   You could have and should never have let it happen at all.   But then not only do you let it happen once, you let happen time after time.*

In fashioning a sentence, this Court has considered your lack of a previous record and your good standing in this community.   The Court has also taken into consideration the emotional and psychological trauma to the victim that may last for years.

*You took advantage of a young girl who was a stranger in this country who had few or no one else to go to for protection and support.*

So the Court believes that a prison sentence is appropriate.   And, further, the Court believes that you should serve time on each of the counts that you've admitted to.   To [not] do so, would demean the conduct on those counts.   But the Court also believes your lack of a record, your previous good standing in the community and the remorse you have demonstrated warrants a lesser amount on each of those counts.

So, accordingly, it is the sentence and order of this Court that you serve 12 months on each count with each count to be served consecutive for a total of 168 months or 14 years.

The Court further finds that consecutive sentences are necessary to protect the public from future crime or to punish you and that consecutive sentencing is not disproportionate to the seriousness of your conduct and to the danger you pose to the public.

And the Court also finds that at least two of the multiple offenses were committed as part of one or more courses of conduct and the harm caused by two or more of the multiple offenses so committed is so great or so unusual that no single prison term for any offenses committed as part of the courses of conduct would adequately reflect the seriousness of your conduct.

(Emphasis added.)   Sentencing Transcript, p. 39-42.

{¶ 5} As stated above, the trial court sentenced McDaniel to 12 months on each of the 14 counts of sexual battery and ordered the sentences to be served consecutively, for an aggregate sentence of 14 years in prison.

{¶ 6} It is from this judgment that McDaniel now appeals.

{¶ 7} McDaniel's sole assignment of error is as follows:

THE TRIAL COURT ERRORED [sic] IN IMPOSING CONSECUTIVE SENTENCES.

{¶ 8} McDaniel contends that the record failed to support the trial court's decision to impose consecutive sentences.   Specifically, McDaniel argues that the author of the presentence investigation report (PSI) was biased against him and failed to engage in any statutory analysis in the PSI.   McDaniel also argues that the trial court failed to properly consider the fact that he had no prior criminal history and was unlikely to reoffend

upon his release from prison. McDaniel argues that, pursuant to R.C. 2929.11, the trial court did not consider rehabilitation when it sentenced him to 14 years in prison. Additionally, McDaniel asserts that the record failed to establish that he used his position as a police officer when committing the offenses, and the harm to the victim was not so great or unusual to warrant the imposition of consecutive sentences. Finally, McDaniel argues that the imposition of consecutive sentences in this case demeaned the seriousness of other crimes.

{¶ 9} McDaniel did not object to the imposition of consecutive sentences in the trial court. Accordingly, we review the trial court's imposition of consecutive sentences for plain error. *State v. Brewer*, 2017-Ohio-119, 80 N.E.3d 1257 (2d Dist.). In order to constitute plain error, the error must be an obvious defect in the trial proceedings, and the error must have affected substantial rights. *State v. Norris*, 2d Dist. Montgomery No. 26147, 2015-Ohio-624, ¶ 22; Crim.R. 52(B). Plain error should be noticed "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus; *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 23.

**Individual Minimum Sentences**

{¶ 10} "The trial court has full discretion to impose any sentence within the authorized statutory range[.]" *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). In exercising its discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.),

citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38. However, the trial court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences. *King* at ¶ 45.

{¶ 11} The Ohio Supreme Court recently stated that R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones*, Ohio Slip Opinion No. 2020-Ohio-6729, __ N.E.3d __, ¶ 39. When reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, we do not analyze whether those sentences are unsupported by the record. *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18; *Jones* at ¶ 26-29. Instead, "[w]e simply must determine whether those sentences are contrary to law." *Dorsey* at ¶ 18. "A sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." (Citation omitted.) *State v. Brown*, 2017-Ohio-8416, 99 N.E.3d 1135, ¶ 74 (2d Dist.).

{¶ 12} R.C. 2929.11 requires trial courts to be guided by the overriding purposes of felony sentencing. Those purposes are "to protect the public from future crime by the offender and others and to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). The court must "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public,

or both." *Id.* R.C. 2929.11(B) further provides that "[a] sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing * * *, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶ 13} R.C. 2929.12(B) sets forth nine factors indicating that an offender's conduct is more serious than conduct normally constituting the offense. These factors include whether the physical or mental injury to the victim was exacerbated because of the physical or mental condition of the victim; serious physical, psychological, or economic harm suffered by the victim as a result of the offense; whether the offender's relationship with the victim facilitated the offense; and whether the offender committed the offense for hire or as a part of an organized criminal activity.

{¶ 14} R.C. 2929.12(C) sets forth four factors indicating that an offender's conduct is less serious than conduct normally constituting the offense, including whether the victim induced or facilitated the offense, whether the offender acted under strong provocation, whether, in committing the offense, the offender did not cause or expect to cause physical harm to any person or property, and the existence of substantial grounds to mitigate the offender's conduct, although the grounds are not enough to constitute a defense. R.C. 2929.12(D) and (E) each list five factors that trial courts are to consider regarding the offender's likelihood of committing future crimes. Finally, R.C. 2929.12(F) requires the sentencing court to consider the offender's military service record.

{¶ 15} In reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-

1002, 59 N.E.3d 1231, ¶ 9.   Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law.

{¶ 16} As previously stated, McDaniel was convicted of 14 counts of sexual battery, in violation of R.C. 2907.03(A)(5) and 2907.03(B), which state in pertinent part:

(A) No person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply:

* * *

(5) The offender is the other person's natural or adoptive parent, or a stepparent, or guardian, custodian, or person in loco parentis of the other person.

* * *

(B) Whoever violates this section is guilty of sexual battery. Except as otherwise provided in this division, sexual battery is a felony of the third degree.

{¶ 17} R.C. 2929.14 states in pertinent part:

(A) Except as provided in [certain Revised Code sections or in certain circumstances] if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender pursuant to this chapter, the court shall impose a prison term that shall be one of the following:

* * *

(3)(a) For a felony of the third degree that is a violation of section * * * 2907.03, * * * the prison term shall be a definite term of twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four, or sixty months.

{¶ 18} Here, the trial court sentenced McDaniel to 12 months in prison on each of the 14 counts of third-degree sexual battery, the minimum prison term available for that offense. Since the trial court's sentence on each count was within the statutory range and the record reflects the trial court's consideration of R.C. 2929.11 and R.C. 2929.12, the individual sentences were not contrary to law. Under *Jones*, Ohio Slip Opinion No. 2020-Ohio-6729, __ N.E.3d __, this ends the inquiry regarding the individual sentences. *See State v. Burks*, 2d Dist. Clark No. 2019-CA-70, 2021-Ohio-224, ¶ 8-9. Thus, there is no basis upon which to modify or vacate any of McDaniel's individual sentences.

## Imposition of Consecutive Sentences

{¶ 19} In general, it is presumed that prison terms will be served concurrently. R.C. 2929.41(A); *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 16, ¶ 23 ("judicial fact-finding is once again required to overcome the statutory presumption in favor of concurrent sentences"). However, after determining the sentence for a particular crime, a sentencing judge has discretion to order an offender to serve individual counts of a sentence consecutively to each other or to sentences imposed by other courts. R.C. 2929.14(C)(4) permits a trial court to impose consecutive sentences if it finds that (1) consecutive sentencing is necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) any of the following applies:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 20} We have said that "a trial court may rely on 'a broad range of information' at sentencing." *State v. Bodkins*, 2d Dist. Clark No. 10-CA-38, 2011-Ohio-1274, ¶ 43, quoting *State v. Bowser*, 186 Ohio App.3d 162, 2010-Ohio-951, 926 N.E.2d 714, ¶ 13 (2d Dist.). "The evidence the court may consider is not confined to the evidence that strictly relates to the conviction offense because the court is no longer concerned * * * with the narrow issue of guilt." (Citation omitted.) *Bowser* at ¶ 14. "Among other things, a court may consider hearsay evidence, prior arrests, facts supporting a charge that resulted in an acquittal, and facts related to a charge that was dismissed under a plea agreement." (Citation omitted.) *Bodkins* at ¶ 43. *Even " '[u]nindicted acts * * * can be considered in sentencing without resulting in error when they are not the sole basis for the sentence.' "* (Emphasis added.) *State v. Cook*, 8th Dist. Cuyahoga No. 87265, 2007-Ohio-625, ¶ 69,

quoting *State v. Bundy*, 7th Dist. Mahoning No. 02 CA 211, 2005-Ohio-3310, ¶ 86.

{¶ 21} As previously stated, McDaniel pled guilty to 14 counts of sexual battery, wherein he was accused of sexually abusing his own daughter over a period of approximately ten months. Additionally, while McDaniel admitted that he did sexually abuse his daughter, he attempted to minimize his criminal conduct, stating that she was the aggressor in many instances when the two had sexual contact. Accordingly, we conclude that the trial court's findings were supported by the record.

{¶ 22} McDaniel argues that his PSI was biased and inaccurate. A review of the PSI indicates that the author was clearly concerned about the nature and frequency of McDaniel's sexual abuse of his daughter, but the PSI also contained mitigating information regarding his lack of a prior criminal record and his former good status in the community, which the trial court clearly relied upon when fashioning its sentences.

{¶ 23} McDaniel also argues that the record establishes that he did not use force or his position as a police officer when he committed the offenses for which he was convicted. However, in her statement to trial court at sentencing, the victim described how McDaniel used his position to isolate her from everyone else and to victimize her. The victim also explained how she was afraid to tell anyone about the sexual abuse because McDaniel was a police officer and she was scared of what he would do to her. The victim stated that the sexual conduct was not consensual and that McDaniel forced himself on her.

{¶ 24} Additionally, McDaniel argues that there was no evidence that the harm to the victim was so great or unusual to support the imposition of consecutive sentences. However, the victim described at length the severe emotional and psychological harm

she had suffered as a result of the sexual abuse perpetrated by McDaniel, and the trial court was free to rely on her statement as a basis for imposing consecutive sentences.

{¶ 25} The trial court also stressed that McDaniel was the adoptive father of the victim and that he should have protected and supported her rather than using his position to isolate and sexually abuse her. The trial court further noted that McDaniel instigated sexual conduct with the victim multiple times in different locations, and that the evidence established that sexual conduct occurred many more times than the 14 occasions he admitted to in the guilty pleas. The trial court stated that McDaniel's constant sexual abuse of the victim over a period of approximately ten months constituted a course of criminal conduct. Finally, the trial court took into account that McDaniel did not have a criminal record and formerly had good standing in the community, but noted the extreme psychological and emotional harm suffered by the victim.

{¶ 26} In his brief, McDaniel argues that "but for the father/adopted daughter relationship, the [sexual] conduct would not be illegal." In fact, McDaniel attempts to frame the sexual conduct with the victim as consensual. The record established that the victim was 17 years old when the nonconsensual sexual abuse started. Over the course of approximately ten months, McDaniel used his position as the victim's father to isolate and repeatedly sexually abuse his daughter, whom he was entrusted to care for and protect. This was not an isolated incident, and McDaniel's "but for" argument is unavailing in light of the information adduced at the plea hearing.

{¶ 27} Lastly, McDaniel argues that the length of his sentence demeans the serious nature of other offenses. In support of his argument, McDaniel cites *State v. Hawley*, 2020-Ohio-1270, 153 N.E.3d 714 (8th Dist.), in which the appellate court held

that the record did not support the trial court's finding that consecutive sentences totaling 56 years were not disproportionate to the seriousness of the defendant's conduct and danger posed to the public. In *Hawley*, the defendant pled guilty to seven counts of illegal use of a minor in nudity-oriented material or performance involving his stepdaughter and one count of possessing criminal tools. The *Hawley* court reduced the defendant's sentence to an aggregate of eight years in prison. *Id.* at ¶ 26. *Hawley* is distinguishable from the instant case because, unlike that defendant, McDaniel sexually abused his daughter on multiple occasions in different locations over the course of approximately ten months. While certainly reprehensible, the defendant in *Hawley* only took pictures of his stepdaughter in various stages of undress at the residence where they lived together. Additionally, McDaniel received the minimum sentence for each of the 14 sexual battery counts, run consecutively for 14 years in prison. The defendant in *Hawley* ultimately received a sentence of eight years in prison after pleading guilty to seven counts of illegal use of a minor and one count of possession of criminal tools. McDaniel's sentence here and the defendant's sentence in *Hawley* were therefore roughly proportional.

{¶ 28} McDaniel also cites to our decision in *State v. Parker*, 193 Ohio App.3d 506, 952 N.E.2d 1159, 2011-Ohio-1418 (2d Dist.), in support of his argument that the length of his sentence demeans the serious nature of other offenses. However, *Parker* is clearly distinguishable in that the victim and the defendant were found to have engaged in consensual sexual activity, unlike in the instant case where McDaniel used his position as the victim's father to isolate and repeatedly sexually abuse her against her will.

{¶ 29} As previously stated, in ordering that the sentences for McDaniel's 14

offenses be served consecutively, the trial court strictly adhered to the language of R.C. 2929.14(C)(4)(b), finding "that consecutive sentences are necessary to protect the public from future crime or to punish [McDaniel] and that consecutive sentencing is not disproportionate to the seriousness of [his] conduct and to the danger [he] pose[s] to the public. And the Court also finds that at least two of the multiple offenses were committed as part of one or more courses of conduct and the harm caused by two or more of the multiple offenses so committed is so great or so unusual that no single prison term for any offenses committed as part of the courses of conduct would adequately reflect the seriousness of [McDaniel's] conduct." In light of the foregoing, the trial court's consecutive sentence findings were not clearly and convincingly unsupported by the record or contrary to law.

{¶ 30} McDaniel's assignment of error is overruled.

{¶ 31} The judgment of the trial court is affirmed.

. . . . . . . . . . . .

HALL, J. and EPLEY, J., concur.

Copies sent to:

Matthew K. Fox
Erin M. Minor
Jose M. Lopez
Kevin M. Darnell
Hon. James F. Stevenson, Visiting Judge