[Cite as *State v. McLeod*, 2022-Ohio-212.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2021-CA-13 |
| | : | |
| v. | : | Trial Court Case No. 2020-CR-193 |
| | : | |
| JOHN D. MCLEOD | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 28th day of January, 2022.

. . . . . . . . . . .

JANE A. NAPIER, Atty. Reg. No. 0061426, Assistant Prosecuting Attorney, Champaign County Prosecutor's Office, Appellate Division, 200 North Main Street, Urbana, Ohio 43078
    Attorney for Plaintiff-Appellee

JON PAUL RION, Atty. Reg. No. 0067020, 130 West Second Street, Suite 2150, P.O. Box 10126, Dayton, Ohio 45402 & GREGORY K. LIND, Atty. Reg. No. 0055227, 20 South Limestone Street, Suite 340, Springfield, Ohio 45502
    Attorneys for Defendant-Appellant

. . . . . . . . . . . .

EPLEY, J.

**{¶ 1}** John D. McLeod pled no contest with a stipulation of guilt to one count of sexual battery in violation of R.C. 2907.03(A)(5), a third-degree felony. In exchange for the plea, the State dismissed seven additional charges: one count of aggravated trafficking in drugs, one count of corrupting another with drugs, two counts of rape, an additional count of sexual battery, and two counts of gross sexual imposition. The parties agreed to recommend a sentence of 24 months in prison. At sentencing, the trial court imposed 48 months in prison, ordered McLeod to pay a $5,000 fine and court costs, and designated him a Tier III sex offender.

**{¶ 2}** McLeod appeals from his conviction. In his sole assignment of error, he claims that the trial court improperly held him to a higher standard at sentencing because he was a law enforcement officer when the offense occurred. For the following reasons, the trial court's judgment will be affirmed.

## I. Factual Background and Sentencing Hearing

**{¶ 3}** The charges in this case stemmed from allegations that McLeod gave drugs and alcohol to his 17-year-old daughter and engaged in vaginal and oral sex with her. According to the statement of facts attached to the plea form, McLeod's daughter reported that McLeod provided her with vodka, five bottles of Mike's Hard Lemonade, and capsules of Vyvanse, which caused her to feel ill and vomit. She also disclosed that, during the incident, McLeod removed their clothing, penetrated her vaginally, performed cunnilingus, and again engaged in vaginal intercourse. McLeod also touched her breasts and buttocks with his hands. McLeod stopped after his daughter said that she was tired and it hurt. During a subsequent telephone call between McLeod and his daughter, which

was heard by Officer Glenn Kemp, McLeod admitted to providing Vyvanse and engaging in sexual conduct with her.

{¶ 4} McLeod pled no contest to one count (Count 5) of violating R.C. 2907.03(A)(5), which provides that "[n]o person shall engage in sexual conduct with another, not the spouse of the offender, when any of the following apply: * * * (5) The offender is the other person's natural or adoptive parent, or a stepparent, or guardian, custodian, or person in loco parentis of the other person."  That count was based on vaginal intercourse with his daughter.   Pursuant to R.C. 2929.14(A)(3)(a), McLeod faced a maximum sentence of 60 months in prison for the offense.

{¶ 5} At sentencing, the trial court considered a presentence investigation report, a written victim impact statement, reports from Alexander & Associates on behalf of McLeod, and oral statements from the prosecutor, the victim's mother, defense counsel, and McLeod.   Both the prosecutor and defense counsel requested that the court impose the jointly-recommended sentence of 24 months in prison.   McLeod expressed sorrow "for many things that I've caused the family" and apologized to his daughter, all his children, and the court.

{¶ 6} In response to McLeod's generalized expression of remorse, the court questioned McLeod about the conduct for which he was apologizing.   McLeod expressed remorse for providing his daughter with drugs and alcohol.   He stated that he made admissions about the sexual conduct only to help his daughter to heal.   The court also discussed with McLeod his experience as a law enforcement officer.

{¶ 7} Prior to imposing sentence, the trial court explained its process for determining an appropriate sentence.   The court indicated that it looked at community

control before prison and the minimum sentence before the maximum sentence, and it discussed two comparable cases that had come before the court and the sentences that had been imposed in those cases. The court explained, "So, you know, when I'm thinking numbers, I don't just pick numbers out of the air. I try to look at sentencing factors and I kind of look at what I've done in other cases and I try to have some consistency. But it is also important for me, as Judge, to give the lawyers some indication as to what is a Judge likely to do. Because I understand, as well, that that helps facilitate a plea resolution." Sentencing Tr. 25-26.

{¶ 8} The trial court then discussed McLeod's circumstances, stating, in part:

In a case like this, there is a couple hiccups to that process. The first hiccup is that as a law enforcement officer charged with protecting citizens, you, during the course of your active duty, committed felony conduct. Or at least you're going to be convicted of felony conduct. So your situation is a little more serious. That is the first thing.

The second thing is that you have qualified what you actually did. And because you've qualified it in such strong terms, not only is it hard for the Court to find that you have genuine remorse, but it is hard for the Court to find that this offense is committed under circumstances not likely to recur. They aren't going to occur with this victim because you're not going to have contact with this victim. But if you're not self-reflective of your own conduct, then it calls into question, well, does the Defendant know that when he thinks he makes poor decisions? And those poor decisions could result in sexual assault. And you're saying no. At least you are shaking your head.

{¶ 9} In imposing a 48-month prison sentence, the trial court made findings related to the seriousness of McLeod's conduct, his likelihood of recidivism, and whether he had military service. As to the seriousness factors specifically, the court orally found that the victim's mental injuries were exacerbated due to her being a minor, that she suffered serious psychological harm, and that McLeod's relationship with her facilitated the offense. The court further found that McLeod's

occupation or profession obliged [him] to prevent the offense or bring others committed to justice. Court finds that Defendant was a law enforcement officer charged with investigating alcohol, drug, and criminal offenses. And the Defendant was a law enforcement officer and supplied a minor child with alcohol and prescription medication prior to committing the sexual assault against her.

The trial court found no factors indicating that McLeod's conduct was less serious. The court incorporated its findings into the written judgment entry.

## II. Review of McLeod's Sentence

{¶ 10} When reviewing felony sentences, we must apply the standard of review set forth in R.C. 2953.08(G). Under that statute, an appellate court may increase, reduce, or modify a sentence, or vacate it all together and remand for resentencing, if it "clearly and convincingly finds either (1) the record does not support certain specified findings or (2) that the sentence imposed is contrary to law." *State v. Worthen*, 2d Dist. Montgomery No. 29043, 2021-Ohio-2788, ¶ 13.

{¶ 11} A trial court has full discretion to levy any sentence within the authorized statutory range, and it is not required to make any findings or give its reasons for imposing

a maximum or more than minimum sentence. *State v. Jones*, 2d Dist. Clark No. 2020-CA-8, 2021-Ohio-325, ¶ 85. However, in exercising its discretion, a trial court must consider the statutory policies that apply to every felony offense, including those set out in R.C. 2929.11 and R.C. 2929.12. *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.), citing *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

{¶ 12} "When reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, we do not analyze whether those sentences are unsupported by the record." *State v. McDaniel*, 2d Dist. Darke No. 2020-CA-3, 2021-Ohio-1519, ¶ 11, citing *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18. We may not independently weigh the evidence in the record and substitute our judgment for that of the trial court concerning the sentence that best reflects compliance with those statutes. *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 42. Instead, the inquiry is simply whether the sentence is contrary to law. *Dorsey* at ¶ 18. A sentence is contrary to law when it falls outside the statutory range for the offense or if the sentencing court does not consider R.C. 2929.11 and 2929.12. *Id.*

{¶ 13} McLeod faced a sentence of 12, 18, 24, 30, 36, 42, 48, 54, or 60 months in prison for sexual battery as a felony of the third degree. R.C. 2929.14(A)(3)(a). McLeod's 48-month sentence was within the sentencing range for that offense. In imposing sentence, the trial court carefully considered the purposes and principles of felony sentencing under R.C. 2929.11 and balanced the seriousness and recidivism factors under R.C. 2929.12. Accordingly, we conclude that McLeod's sentence was not

contrary to law.

{¶ 14} As to McLeod's argument that he was treated more harshly because he was a law enforcement officer, the trial court's findings regarding his occupation as a law enforcement officer were directly related to the seriousness of his offense. R.C. 2929.12(B), which sets forth factors indicating that the offender's conduct is more serious than conduct normally constituting the offense, includes:

(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.

(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.

* * *

(4) *The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.*

* * *

(6) The offender's relationship with the victim facilitated the offense.

(Emphasis added.) The trial court did not err in considering, under R.C. 2929.12(B)(4), that McLeod was "a law enforcement officer charged with investigating alcohol, drug, and criminal offenses," and that he "supplied a minor child with alcohol and his prescription drug medication prior to committing the sexual assault against her."

{¶ 15} McLeod's assignment of error is overruled.

### III. Conclusion

{¶ 16} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

TUCKER, P. J. and DONOVAN, J., concur.


Copies sent to:

Jane A. Napier
Jon Paul Rion
Gregory K. Lind
Hon. Nick A. Selvaggio