[Cite as *State v. Abney*, 2024-Ohio-983.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2023-CA-49 |
| | : | |
| v. | : | Trial Court Case No. 2023-CR-0217 |
| | : | |
| CHRISTINE E. ABNEY | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on March 15, 2024

. . . . . . . . . . .

ROBERT ALAN BRENNER, Attorney for Appellant

MEGAN A. HAMMOND, Attorney for Appellee

. . . . . . . . . . . .

EPLEY, P.J.

{¶ 1} Christine E. Abney appeals from her convictions in the Greene County Court of Common Pleas for domestic violence and vandalism. She argues that the trial court erred in imposing prison sentences rather than community control. For the following reasons, the trial court's judgment will be affirmed.

## I. Facts and Procedural History

{¶ 2} In April 2023, Abney was indicted on one count of domestic violence, a third-degree felony, and one count of vandalism, a fourth-degree felony. The vandalism charge related to damage she caused to a Fairborn police cruiser as she was being transported to jail for domestic violence against her boyfriend. Abney appeared as summoned on May 19, 2023, and she was released on her own recognizance.

{¶ 3} Approximately six weeks later, Abney pled guilty to both offenses pursuant to a plea agreement. She also agreed to pay restitution which, according to the waiver and plea form, amounted to $12,291.51. The State agreed to defer to a presentence investigation report (PSI) on the sentence, but it would not be bound by that sentencing recommendation if Abney failed to appear for sentencing. Upon accepting Abney's plea, the court ordered a presentence investigation and scheduled the sentencing hearing for August 16, 2023.

{¶ 4} Prior to the hearing, defense counsel submitted a sentencing memorandum advocating for community control. Counsel emphasized that Abney was receiving battered woman treatment to address her mental health issues, was taking her prescribed medication, had physical disabilities, and was no longer living with or near her boyfriend (the victim of the offense). Counsel stated that Abney's children provided a strong incentive for her to comply with community control sanctions. Defense counsel further noted that Abney was 33 years old, an age for which the recidivism rate was only two percent. Attached to the memorandum was a letter from a victim advocate from Artemis Center, which stated that Abney was a committed and eager participant in her intensive

mandated domestic violence class. The victim advocate indicated that Abney was a domestic violence survivor who was working to incorporate the lessons from the classes to her own life.

{¶ 5} At the sentencing hearing, defense counsel reiterated that Abney had "quite a history of mental health issues" and that she had two children under the age of ten who were "her world." Counsel requested community control or, alternatively, the most lenient sentences. Speaking on her own behalf, Abney asked the trial court to consider her children, noting that their fathers were not involved in their lives and she was all they had. The prosecutor told the court that it was deferring to the PSI.

{¶ 6} The trial court imposed 18 months in prison on each count, to be served concurrently. It also required Abney to pay restitution of $12,291.51 and court costs.

{¶ 7} Abney appeals from her convictions. Her sole assignment of error states that "the trial court erred by sentencing Abney to prison time instead of community control."

## II. Review of Abney's Sentence

{¶ 8} In reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under that statute, an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law. *State v. Huffman*, 2d Dist. Miami No. 2016-CA-16, 2017-Ohio-4097, ¶ 6.

{¶ 9} The Ohio Supreme Court has stated that R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39. "When reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, we do not analyze whether those sentences are unsupported by the record." *State v. McDaniel*, 2d Dist. Darke No. 2020-CA-3, 2021-Ohio-1519, ¶ 11, citing *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18; *Jones* at ¶ 26-29. Instead, "[w]e simply must determine whether those sentences are contrary to law." *Dorsey* at ¶ 18.

{¶ 10} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). "A sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12." (Citation omitted.) *State v. Brown*, 2017-Ohio-8416, 99 N.E.3d 1135, ¶ 74 (2d Dist.).

{¶ 11} The record reflects that the trial court complied with its sentencing obligations under R.C. 2929.11 and R.C. 2929.12. The trial court told Abney at sentencing that it had considered the record, the oral statements, the PSI, and the purposes of felony sentencing under R.C. 2929.11, and that it had balanced the

seriousness and recidivism factors pursuant to R.C. 2929.12 and the need for deterrence, incapacitation, rehabilitation, and restitution. The court also informed Abney that it was "guided by the overriding purposes of felony sentencing, including protection of the public from future crime by the Defendant and others, punishment of the Defendant, and to promote effective rehabilitation of her using the minimum sanctions the Court determines accomplishes those purposes without imposing an unnecessary burden on state or local government resources." The court expressly found that, after considering R.C. 2929.12, a prison sentence was consistent with the purposes of sentencing and Abney was not amenable to community control.

{¶ 12} Moreover, the trial court was not required to impose community control for vandalism in this case and, instead, it had the discretion to impose a prison sentence. *See* R.C. 2929.13(B)(1)(a), (b). Abney had prior felony convictions for domestic violence, felonious assault, and violating a protection order. She was on community control for two of these felony offenses when the vandalism occurred, and she faced sentencing on a third-degree felony offense (domestic violence) in this case. The 18-month sentences fell within the authorized sentencing ranges for both of Abney's offenses. *See* R.C. 2929.14(A)(3) and (4). Abney's sentences were not contrary to law.

{¶ 13} Abney argues that "[t]he overriding purposes of felony sentencing in Ohio would be better served if Abney is placed on community control sanctions instead of placed in prison." In essence, Abney argues that a prison sentence is not supported by the record. Such an argument is precluded by *Jones*. We find no error in the trial court's imposition of concurrent 18-month prison sentences in this case.

{¶ 14} Abney's assignment of error is overruled.

### III. Conclusion

{¶ 15} The trial court's judgment will be affirmed.

. . . . . . . . . . . .

WELBAUM, J. and TUCKER, J., concur.