**[Cite as *State v. Lloyd*, 2024-Ohio-1297.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 29918 |
| | : | |
| v. | : | Trial Court Case No. 2022 CR 03514 |
| | : | |
| BRIAN LLOYD | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on April 5, 2024

. . . . . . . . . . .

MARY ADELINE R. LEWIS, Attorney for Appellant

MATHIAS H. HECK, JR., by NATHAN B. VANDERHORST, Attorney for Appellee

. . . . . . . . . . . .

EPLEY, P.J.

**{¶ 1}** Brian Lloyd appeals from his conviction in the Montgomery County Court of Common Pleas for trespass in a habitation when a person is present or likely to be present, in violation of R.C. 2911.12(B), a fourth-degree felony. He claims that the trial court considered improper information in imposing an 18-month sentence. For the following reasons, the trial court's judgment will be affirmed.

## I. Facts and Procedural History

{¶ 2} In January 2023, Lloyd was indicted for trespass in a habitation when a person is present or likely to be present, a fourth-degree felony, and attempted trespass in a habitation, a fifth-degree felony. Lloyd was served with the indictment on March 23, 2023. Lloyd appeared on March 28, 2023, for arraignment, during which the court entered a not guilty plea on his behalf and released him on a conditional own recognizance bond.

{¶ 3} Lloyd failed to appear for a scheduling conference, and the trial court issued a capias for his arrest and set his bond as no bond. Lloyd was arrested on July 27, 2023.

{¶ 4} Five days later, Lloyd entered a guilty plea to trespass in a habitation. In return, the State dismissed the attempted trespass in a habitation charge. The trial court accepted the plea and scheduled sentencing for August 30, 2023. It again set a conditional own recognizance bond. However, Lloyd failed to appear for his presentence investigation, and he was arrested on August 21, 2023. Sentencing was rescheduled to September 6, 2023.

{¶ 5} At sentencing, defense counsel noted that there had been an agreement to community control sanctions, but she acknowledged that the court had informed Lloyd that "there was a condition to that and he's clearly in violation of that condition." Counsel emphasized that Lloyd was a drug addict and had been most of his life, that Lloyd had been in and out of both jail and prison, which "hasn't done a thing for him, or the system." Defense counsel argued that "society maybe deserves him trying to get help," that he had

been screened for a treatment program, and that he would be a candidate. Noting that Lloyd was 39 years old and the case involved a non-violent, low-level felony, defense counsel asked for the court to consider a treatment program.

{¶ 6} Lloyd similarly told the court that he had been in and out of jail and prison, that he had been dealing with this case since 2022, and that he wanted to "get [the case] over with any way we can." He acknowledged that he had absconded but asked to be released. He indicated that he wanted a chance to "get myself in order" and maybe treatment, if possible.

{¶ 7} Prior to imposing sentence, the court told Lloyd:

Okay. First of all, I'm going to make a couple of statements for the record. I think it's important. I think it's important that you, your lawyer certainly understands it. I think it's important that the people in the audience understand it. Everybody sitting in that box understands it and the Court of Appeals certainly understands it. I don't say these things to beat you up. * * * That's not why I'm saying them. Okay? I'm saying them because I'm obligated to deal in reality and to deal with the facts in a particular case.

In your case, in this case alone, you failed to appear in late May, on May 24th, your bond was revoked and I had to have you arrested. Ultimately you entered a plea on the 2nd of August. Again you were released, and again you absconded. Okay.

You've acknowledged that you are a drug addict. I think that's –

that's to your credit and I know some things about drug addiction. I don't think I'm an expert on it. Judges that claim to be experts on it are fools. We're lawyers and judges. We are not social scientists; we are not drug counselors; we are not folks that treat that.

*But the fact of the matter is, from the time that you go into programming on average it takes, if you ever reach sobriety, and you haven't, if you ever reach sobriety it's approximately four years to get there and it's approximately eight relapses before you get there, if you don't manage to kill yourself in the meantime. Okay.*

In your case, you have a documented record of adult misdemeanor convictions dating from May of 2002 until August of 2021. You have felony convictions. You have 15 of them dating from April of 2002 until January of 2020 and you have served 11 prison terms.

Suffice to say that at this point, particularly given that you've continued to abscond, I am most certainly not going to release you from custody. I am most certainly not going to put you on community control, and we're going to resolve this matter in a way that, frankly, I think I have no alternative.

Sentencing Tr., 6-8.

{¶ 8} The trial court then imposed 18 months in prison. It stated that, in arriving at its sentence, it had "considered the principles and the overriding purposes of sentencing set out in the Code, including avoiding unnecessary burden upon the

government, the seriousness and recidivism factors of the Code, the sentencing dictates of 2929.1319 and any other sentencing requirements imposed upon the Court by the Ohio legislature." The court ordered Lloyd to pay $30 to the Victim's Compensation Fund but waived all other costs.

{¶ 9} Lloyd appeals from his conviction. In his sole assignment of error, he claims that the trial court erred in considering factors outside of R.C. 2929.11 and R.C. 2929.12 when sentencing him to the maximum sentence for a fourth-degree felony.

## II. Review of Lloyd's Sentencing

{¶ 10} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.).

{¶ 11} In reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under that statute, an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law. *State v. Huffman*, 2d Dist. Miami No. 2016-CA-16, 2017-Ohio-4097, ¶ 6.

{¶ 12} "A sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12."

(Citation omitted.) *State v. Brown*, 2017-Ohio-8416, 99 N.E.3d 1135, ¶ 74 (2d Dist.).

{¶ **13**} R.C. 2929.11 requires trial courts to be guided by the overriding purposes of felony sentencing. Those purposes are threefold: "to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). "[A] sentencing court may place such weight on each of the purposes as the circumstances of the case require." *State v. Bittner*, 12th Dist. Warren No. CA2019-01-001, 2019-Ohio-3834, ¶ 18.

{¶ **14**} R.C. 2929.12(B) sets forth nine factors indicating that an offender's conduct is more serious than conduct normally constituting the offense; R.C. 2929.12(C) sets forth four factors indicating that an offender's conduct is less serious than conduct normally constituting the offense. R.C. 2929.12(D) and (E) each lists five factors that trial courts are to consider regarding the offender's likelihood of committing future crimes. For each of these categories, the trial court may also consider "any other relevant factors." Finally, R.C. 2929.12(F) requires the sentencing court to consider the offender's military service record, if any, and whether the defendant has a condition traceable to that service that contributed to the commission of the offense.

{¶ **15**} The Ohio Supreme Court has stated that R.C. 2953.08(G)(2)(b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39. Accordingly,

"[w]hen reviewing felony sentences that are imposed *solely* after considering the factors in R.C. 2929.11 and R.C. 2929.12, we do not analyze whether those sentences are unsupported by the record." (Emphasis added.) *State v. McDaniel*, 2d Dist. Darke No. 2020-CA-3, 2021-Ohio-1519, ¶ 11, citing *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18; *Jones* at ¶ 26-29.

{¶ 16} However, *Jones* does not preclude claims that a sentence was imposed based on impermissible considerations, namely considerations that fall outside of R.C. 2929.11 and R.C. 2929.12. *State v. Bryant*, 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68 (trial court impermissibly increased the defendant's sentence following his angry, profanity-laced in-court tirade after the announcement of his sentence.) "[W]hen a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law." *Id.* at ¶ 22.

{¶ 17} In this case, Lloyd's 18-month sentence was within the sentencing range for his offense, a felony of the fourth degree. *See* R.C. 2929.14(A)(4). Due to Lloyd's criminal history and violations of the conditions of bond, the court had the discretion to impose a prison sentence for his offense. R.C. 2929.13(B). The record further reflects that the trial court complied with its sentencing obligations under R.C. 2929.11 and R.C. 2929.12.

{¶ 18} Lloyd argues, however, that the trial court impermissibly considered factors outside of R.C. 2929.11 and R.C. 2929.12 at sentencing. He points to the trial court's comment about it taking four years and eight relapses, on average, before a person

achieves lasting sobriety. Lloyd asserts that the trial court, in essence, assumed that "because [he] was a drug addict it would take him multiple relapses, and presumably violations of any community control sanction, for him to make any sort of recovery and sobriety." Lloyd contends that this assumption was unsubstantiated and went against the rehabilitative purpose of felony sentencing in R.C. 2929.11(A).

{¶ 19} We disagree with Lloyd that the trial court's statement went beyond the considerations and factors of R.C. 2929.11 and R.C. 2929.12. The trial court's comments regarding the average course of drug rehabilitation were made in response to Lloyd's and his attorney's requests that he be provided drug treatment as part of community control sanctions. Lloyd acknowledged at the sentencing hearing that he was a drug addict and was on drugs when the offense occurred. The PSI reflects that Lloyd had previously participated in chemical dependency treatment in 2002 (MonDay Program), 2013 (Cincinnati VOA), 2014 (Talbert House), and 2022 (MedMark Treatment Center). The court's statements appear to be a recognition that the path to sobriety typically is a long and difficult process and perhaps that some degree of relapse and recidivism was to be expected.

{¶ 20} The court then highlighted Lloyd's extensive adult criminal history, which began in 2002 when Lloyd was 18 years old. It noted that Lloyd, who was 39 years old at sentencing, had numerous (16) adult misdemeanor convictions, had 15 felony convictions between April 2002 and January 2020, and had served 11 prison terms. Considering Lloyd's criminal history along with his absconding twice during this case, the trial court concluded that Lloyd was not amenable to community control sanctions and

that a prison sentence was warranted. Reviewed in context, the trial court's comments did not reflect that the court considered impermissible factors in determining whether a prison sentence was appropriate.

{¶ 21} Lloyd's assignment of error is overruled.

### III. Conclusion

{¶ 22} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

TUCKER, J. and HUFFMAN, J., concur.