[Cite as *State v. Hookfin*, 2025-Ohio-5547.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | C.A. No. 2025-CA-32 |
| Appellee | : | |
| | : | Trial Court Case No. 25-CR-026 |
| v. | : | |
| | : | (Criminal Appeal from Common Pleas |
| RYAN D. HOOKFIN | : | Court) |
| | : | |
| Appellant | : | **FINAL JUDGMENT ENTRY &** |
| | : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on December 12, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.


For the court,

*Mary K. Huffman*

_____
MARY K. HUFFMAN, JUDGE

EPLEY, P.J., and TUCKER, J., concur.

CHRIS BECK, Attorney for Appellant
ANDREW P. PICKERING, Attorney for Appellee

HUFFMAN, J.

{¶ 1} Ryan Hookfin appeals from his conviction of one count of failure to comply with an order or signal of a police officer ("failure to comply"). For the reasons that follow, the judgment of the trial court is affirmed.

## Facts and Procedural History

{¶ 2} The events giving rise to this matter occurred on December 28, 2024, after the driver of an SUV reported to police that a white sedan driven by Hookfin was pursuing and attempting to ram his vehicle. Responding officers located Hoofkin in his vehicle and activated lights and sirens behind him. He stopped briefly, but then fled. Hookfin's vehicle was subsequently seen running a red light and again attempting to strike the SUV before Hoofkin was finally stopped.

{¶ 3} On January 14, 2025, Hookfin was indicted on one count of felonious assault and one count of failure to comply. On April 9, 2025, Hookfin pleaded guilty to failure to comply. In exchange for his plea, the felonious assault charge was dismissed, and a pre-sentence investigation report was ordered. A sentencing hearing followed where the trial court imposed a sentence of 12 months in prison. Hookfin filed a timely notice of appeal.

## Assignment of Error and Analysis

{¶ 4} Hookfin asserts one assignment of error arguing that the trial court "failed to properly [weigh] the principals of sentencing" and erred in imposing a 12-month prison term

"instead of a term of probation supervision." The State responds that Hookfin's sentence is not contrary to law.

{¶ 5} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021, ¶ 45 (2d Dist.), citing *State v. Foster*, 2006-Ohio-856, paragraph seven of the syllabus. However, a trial court must consider the statutory criteria that apply to every felony offense, including those set out in R.C. 2929.11 and 2929.12. *State v. Leopard*, 2011-Ohio-3864, ¶ 11 (2d Dist.), citing *State v. Mathis*, 2006-Ohio-855, ¶ 38.

{¶ 6} When reviewing felony sentences, we must apply the standard of review set forth in R.C. 2953.08(G). *State v. Worthen*, 2021-Ohio-2788, ¶ 13 (2d Dist.). Pursuant to this statute, an appellate court may increase, reduce, or modify a sentence, or vacate it altogether and remand for resentencing, if it "'clearly and convincingly' finds either (1) the record does not support certain specified findings or (2) that the sentence imposed is contrary to law." *Id*. The Supreme Court of Ohio has observed that R.C. 2953.08(G)(2)(b) "'does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12.'" *Id*. at ¶ 14, quoting *State v. Jones*, 2020-Ohio-6729, ¶ 39. Thus, when we review a felony sentence imposed after considering the factors in R.C. 2929.11 and 2929.12, we do not examine whether the sentence is unsupported by the record. *Id*., quoting *State v. McDaniel*, 2021-Ohio-1519, ¶ 11 (2d Dist.). Rather, we simply determine whether the sentence is contrary to law. *Id*., quoting *State v. Dorsey*, 2021-Ohio-76, ¶ 18 (2d Dist.); *Jones* at ¶ 26-29. A sentence is contrary to law when it falls outside the statutory range for the offense or

3

if the sentencing court does not consider R.C. 2929.11 and 2929.12. *State v. Brown*, 2017-Ohio-8416, ¶ 74 (2d Dist.).

{¶ 7} Hookfin was convicted of failure to comply causing a substantial risk of serious physical harm to persons or property in violation of R.C. 2921.331(B) and 2921.331(C)(5)(a)(ii).[1] The record reflects that at disposition, the court indicated that it had thoroughly considered the purposes and principles of sentencing and the seriousness and recidivism factors in R.C. 2929.11 and 2929.12. The court additionally indicated that it had considered all the factors set forth in R.C. 2921.331(C)(5)(b) based upon the application of division (C)(5)(a)(ii).

{¶ 8} R.C. 2929.14(A)(3)(a) states: "For a felony of third degree that is a violation of . . . division (B) of section 2921.331 of the Revised Code if division (C)(5) of that section applies, the prison term *shall be a definite term* of twelve, eighteen twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four, or sixty months." (Emphasis added.) Put differently, Hookfin's minimum prison sentence for failure to comply is not contrary to law. Hookfin's assigned error is overruled.

## Conclusion

Having overruled Hoofkin's assignment of error, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

EPLEY, P.J., and TUCKER, J., concur.

---

[1] Hookfin's indictment, plea form, and judgment entry of conviction incorrectly cite "R.C. 2921.331(C)(5)(ii)" instead of R.C. 2921.331(C)(5)(a)(ii).