[Cite as *State v. Funaro*, 2026-Ohio-2104.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY

| | |
|---|---|
| STATE OF OHIO : | |
| : | C.A. No. 2025-CA-37 |
| Appellee : | |
| : | Trial Court Case No. 25CR153 |
| v. : | |
| : | (Criminal Appeal from Common Pleas |
| DOMINICK R. FUNARO : | Court) |
| : | |
| Appellant : | **FINAL JUDGMENT ENTRY &** |
| : | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on June 5, 2026, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

For the court,

_____
MICHAEL L. TUCKER, JUDGE

EPLEY, J., and HUFFMAN, J., concur.

LUCAS W. WILDER, Attorney for Appellant
MATTHEW C. JOSEPH, Attorney for Appellee

TUCKER, J.

{¶ 1} Defendant-appellant Dominick Funaro appeals from his convictions for 12 counts of sexual battery following the entry of a guilty plea. He contends the sentences were contrary to law because the trial court failed to consider the purposes and principles of sentencing and the seriousness and recidivism factors set forth in R.C. 2929.11 and 2929.12.

{¶ 2} Because the trial court explicitly stated it had considered these factors and sentenced Funaro within the appropriate statutory range for the offenses, we affirm the judgment of the trial court.

## I. Factual and Procedural History

{¶ 3} On June 11, 2025, Funaro was indicted on four counts of sexual battery in violation of R.C. 2907.03(A)(5)/(B)(1) and eight counts of sexual battery in violation of R.C. 2907.03(A)(5)/(B)(2). All of the counts related to offenses committed against his relative, who was 13 years old at the time. The offenses occurred over a six-month period.

{¶ 4} Initially, Funaro and the State reached a plea agreement whereby Funaro agreed to plead guilty to all the indicted charges. In exchange, the State agreed to recommend a 30-year prison sentence. The State further agreed it would not pursue charges related to a second alleged victim. During the plea colloquy, the trial court determined that Funaro did not appear to have a complete understanding of the nature of the charges against

him or of the rights he was waiving. Thus, the court stopped the plea and reset the plea hearing for a later date.

{¶ 5} On August 7, 2025, the trial court conducted a second plea hearing. At that point, the parties indicated there was no plea agreement. Funaro entered a plea of guilty to all the indicted charges. The record demonstrates that the trial court conducted an appropriate plea colloquy and that Funaro understood the charges as well as the rights he was forfeiting.

{¶ 6} Thereafter, the court conducted a sentencing hearing during which it expressly stated that it had considered the principles and purposes of felony sentencing as set forth in R.C. 2929.11 and the seriousness and recidivism factors of R.C. 2929.12. The trial court imposed a sentence of six to nine years on the four offenses that constituted second-degree felonies. Those sentences were ordered to be served consecutively. The court imposed 12-month sentences on each of the fourth-degree felony offenses to be served concurrently with each other and to the second-degree felonies, yielding an aggregate prison term of 24 years to a maximum of 27 years. Funaro was designated a Tier III sex offender.

{¶ 7} Funaro appeals.

## II. Sentencing

{¶ 8} Funaro's sole assignment of error states as follows:

The trial court's sentence should be vacated or modified because it was contrary to law.

{¶ 9} Funaro contends his sentence was contrary to law because the trial court failed to consider the purposes and principles of felony sentencing in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. In support, he argues the sentence was inconsistent with those sentencing factors. We disagree.

3

{¶ 10} "The trial court has full discretion to impose any sentence within the authorized statutory range, and the court is not required to make any findings or give its reasons for imposing maximum or more than minimum sentences." *State v. King*, 2013-Ohio-2021, ¶ 45 (2d Dist.), citing *State v. Foster*, 2006-Ohio-856, paragraph seven of the syllabus. However, a trial court must consider the statutory criteria that apply to every felony offense, including those set out in R.C. 2929.11 and 2929.12. *State v. Leopard*, 2011-Ohio-3864, ¶ 11 (2d Dist.), citing *State v. Mathis*, 2006-Ohio-855, ¶ 38.

{¶ 11} The overriding purposes of felony sentencing are set forth in R.C. 2929.11, which states:

(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.

(B) A sentence imposed for a felony shall be reasonably calculated to achieve the three overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders.

4

{¶ 12} R.C. 2929.12 addresses several factors to be considered when imposing a sentence under R.C. 2929.11. R.C. 2929.12(A) provides:

Unless otherwise required by section 2929.13 or 2929.14 of the Revised Code, a court that imposes a sentence under this chapter upon an offender for a felony has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code.

{¶ 13} "R.C. 2929.12(B) through (F) then set out factors for the court to consider relating to matters such as the seriousness of the offender's conduct, the likelihood of the offender's recidivism, and the offender's service in the armed forces of the United States, if any." *State v. Jones*, 2020-Ohio-6729, ¶ 19. The trial court may also consider "any other factors that are relevant to achieving those purposes and principles of sentencing." R.C. 2929.12(A). "[N]either R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record." *Jones* at ¶ 20, citing *State v. Wilson*, 2011-Ohio-2669, ¶ 31; *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000).

{¶ 14} When reviewing felony sentences, we must apply the standard of review set forth in R.C. 2953.08(G). *State v. Worthen*, 2021-Ohio-2788, ¶ 13 (2d Dist.). Under that statute, an appellate court may increase, reduce, or modify a sentence, or vacate it altogether and remand for resentencing, if the court "'clearly and convincingly' finds either (1) the record does not support certain specified findings or (2) that the sentence imposed is contrary to law." *Id.* However, the Supreme Court of Ohio has observed that "R.C. 2953.08(G)(2)(b) 'does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12.'" *Id.* at ¶ 14, quoting *Jones* at ¶ 39.

5

{¶ 15} Thus, when R.C. 2929.11 and 2929.12 are the only felony sentencing considerations, we do not examine whether the sentence was unsupported by the record; rather, we simply determine whether the sentence is contrary to law. *Id.*, quoting *State v. McDaniel*, 2021-Ohio-1519, ¶ 11 (2d Dist.), citing *State v. Dorsey*, 2021-Ohio-76, ¶ 18 (2d Dist.); *Jones* at ¶ 26-29. A sentence is contrary to law when it falls outside the statutory range for the offense or if the sentencing court does not consider R.C. 2929.11 and 2929.12. *Dorsey* at ¶ 18, quoting *State v. Brown*, 2017-Ohio-8416, ¶ 74 (2d Dist.).

{¶ 16} Here, there is no dispute that the sentence for each offense is within the statutory range for felonies of the second and fourth degree. R.C. 2929.14(A)(2)(a) and (A)(4). Further, at both the sentencing hearing and in the sentencing entry, the trial court expressly stated that it had considered both R.C. 2929.11 and R.C. 2929.12. Indeed, a review of the record demonstrates the trial court explained its reasoning with regard to these factors.

{¶ 17} Because the trial court considered the sentencing considerations set forth in R.C. 2929.11 and 2929.12 and because the sentences fall within the authorized statutory ranges for second- and fourth-degree felonies, there is no basis to vacate or modify the sentence.

{¶ 18} The assignment of error is overruled.

### III. Conclusion

{¶ 19} The assignment of error being overruled, the judgment of the trial court is affirmed.

. . . . . . . . . . . . .

EPLEY, J., and HUFFMAN, J., concur.

6